IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAVANNA SPENCER and <br> JAMES HERMAN, <br><br> Plaintiffs, <br> v. <br><br> PA. DEPT. OF CORRECTION et al, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 13-7381 |

MEMORANDUM OPINION

**Tucker, C. J.**                                                                                                       **August 1, 2014**

Plaintiffs Ravanna Spencer and James Herman, inmates at State Correctional Institution at Graterford ("SCI-Graterford"),[1] bring this *pro se* civil rights action for damages and injunctive relief pursuant to 42 U.S.C. §1983, alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and various state law claims. Plaintiffs bring this action against the Pennsylvania Department of Corrections ("DOC") and DOC officials Michael Wenerowicz, George Ondrejka (misnamed "Andraka" in the Complaint), Jay Lane, Gary Olinger, Wendy Shaylor, and Joseph Korszniak (misnamed "Kusiak" in the Complaint); and two non-state medical providers, Defendants "Psychiatrist Dr. Martinez" and Mental Health Management, Inc. (collectively, "MHM Defendants").

---

[1] Plaintiff Spencer was incarcerated at SCI-Graterford during the time period relevant to this matter, but is now currently incarcerated at SCI-Rockview. (Notice of Change of Address by Ravanna Spencer, filed March 10, 2014, Doc. 16.) Plaintiff Herman remains housed at SCI-Graterford.

1

This matter comes before the Court on two motions to dismiss filed by the Commonwealth Defendants[2] and the MHM Defendants. Upon consideration of the parties' motions with briefs and exhibits, and for the reasons set forth below, Defendants' motions will be granted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were inmates at SCI-Graterford, housed in the Secure Residential Treatment Unit ("SRTU"), during the time period relevant to this matter. (Compl. ¶ 6, 9.) Plaintiffs aver SRTU "is a mental health program for inmates who have had multiple placements in restricted housing units because of behavior attributed to their mental illness. (Compl. ¶19.) Plaintiffs claim that as mentally ill inmates housed in the SRTU, they are discriminated against relative to other prisoners at SCI-Graterford. (Compl. ¶18.)

Plaintiffs allege that Commonwealth Defendants violated the Eighth Amendment by taking too long to answer sick call notices and to fix a broken heater (Compl. ¶35-37) (Counts I & II). Plaintiffs further allege the Commonwealth Defendants failed to provide inmates housed in the SRTU with the same level of services — library access, fruit at all meals, laundry collection, a property room, mail collection, grievance collection, etc. —provided to inmates in other housing units, in violation of the Fourteenth Amendment. (Compl. ¶¶ 38, 40, 41) (Count III).

With respect to Dr. Martinez and MHM, Plaintiffs allege that there has been a breach of confidentiality regarding their mental health history. Plaintiffs state that MHM maintains a discriminatory practice of depriving inmates at the SCI-Graterford SRTU of confidentiality because they are not "pulled out of their cells" for psychiatric treatment (Compl. ¶ 25). Plaintiffs

---

[2] The Court's use of the term "Commonwealth Defendants" refers to the individual DOC officials. The DOC itself, which was initially dismissed as a party to this action and then reinstated, (see Docs. 6, 31, & 33), is not a party to the Commonwealth Defendants' Motion to Dismiss. (See Commonwealth Defs.' Mot. to Dismiss 3 n. 2.)

further state that Dr. Martinez treats Plaintiffs for psychiatric issues at their cell doors. (Compl. ¶ 28). It is claimed that Dr. Martinez and MHM violated Plaintiffs' Eighth Amendment and Fourteenth Amendment rights (Counts I, III & IV) and also breached their duty of confidentiality under state law (Count V).

## II.     STANDARD OF REVIEW

A court may dismiss a plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) only when it does not state a claim for relief that is "plausible on its face." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). All well-pled factual allegations contained in a plaintiff's complaint must be accepted as true and must be interpreted in the light most favorable to plaintiff. Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 74 (3d Cir. 2011). A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. Santiago, 629 F.3d at 128.

To determine the sufficiency of a complaint, courts of the Third Circuit are required to perform a three-step analysis. Id. at 130. First, a court must identify the plaintiff's claims and determine the required elements of those claims. Id. Next, a court must identify, and strike, conclusory allegations contained in the plaintiff's complaint. Id. Conclusory allegations are those that are no more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation,' 'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action,' or 'naked assertion[s].'" Argueta, 643 F.3d at 72 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Finally, a court must determine if the remaining factual allegations "plausibly give rise to an entitlement for relief." Id. at 73 (citing Santiago, 629 F.3d at 130.)

The focus of a court's inquiry into the sufficiency of a plaintiff's complaint is always plausibility of relief. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). Plausibility does not require a plaintiff's complaint to demonstrate entitlement to relief is likely or probable. Argueta, 643 F.3d at 72. A plaintiff's complaint must only plead facts sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element." McTernan v. City of York, PA, 564 F.3d 636, 646 (3d Cir. 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." McTernan, 564 F.3d at 646 (citing Twombly 550 U.S. at 555-556).

### III.   DISCUSSION

The Commonwealth Defendants and the MHM Defendants argue that Plaintiffs' claims must be dismissed because Plaintiffs have not exhausted their administrative remedies. The Prison Litigation Reform Act ("PLRA") provides, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The requirement that an inmate exhaust administrative remedies "applies to all inmate suits about prison life," including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); see also Concepcion v. Morton, 306 F.3d 1347 (3d Cir.2002). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006) (citing Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149

L.Ed.2d 958 (2001)).  Thus, the exhaustion requirement is no mere technicality; rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000) (holding that, in using the language "no action shall be brought," Congress has "clearly required" exhaustion).  Further, the Third Circuit has made clear that there is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 251 F. App'x 774, 776 (3d Cir. 2007) ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'") (citing Nyhuis, 204 F.3d at 71).

    Here, Plaintiffs contend that they "requested grievances" on several occasions, both verbally and in writing, but that their requests were ignored by Defendant Saylor, the grievance coordinator.  (See Compl. ¶ 34.)  Plaintiffs further claim there is no grievance box in the SRTU and, in any event, Defendant Saylor did not visit the SRTU to collect grievances. (Id.)  Accordingly, Plaintiffs appear to argue either that their verbal grievances should satisfy the exhaustion requirement, or that the exhaustion requirement should be excused because administrative remedies were not truly available to them.

    Plaintiffs are correct in asserting that a prisoner need not exhaust every administrative remedy, only those administrative remedies which are available to him. Camp v. Brennan, 219 F.3d 279, 281 (3d Cir.2000). In this context, "available" means "capable of use," Brown v. Croak, 312 F.3d 109,113 (3d Cir.2002) (internal citations omitted), and the availability of the administrative remedy process is a question of law, Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002) (internal citation omitted).  Interference with an inmate's attempts at exhaustion impact the availability of the administrative remedy process. Brown, 312 F.3d at 111; Camp, 219 F.3d at 281. "A grievance procedure is not available even if one exists on paper if the defendant prison

officials somehow prevent a prisoner from using it." Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (administrative remedies process not available to inmate where prison staff refused to provide him with necessary forms).  Nonetheless, the Court concludes that on this record it cannot find that Plaintiffs have established that the exhaustion requirement has been satisfied or should be excused.

First, verbal grievance requests are not sufficient to satisfy the PLRA's exhaustion requirement. See Adderly v. Ferrier, C.A. No. 07-507, 2010 WL 2640596, at *5 (W.D. Pa. June 2, 2010) ("A prisoner does not satisfy the exhaustion requirement by complaining verbally in lieu of bringing a formal grievance under a prison's established grievance procedure.")  Verbal grievances or written complaints which do not comply with the DOC policies are simply inadequate.

Second, Plaintiffs assertion that they submitted written requests for grievance forms is unsupported by the record. (See Compl. ¶34; Pls.' Resp. Opp'n Commonwealth Defs.' Mot. Dismiss 2.)  Plaintiffs have attached[3] to their Complaint three Requests to Staff that Plaintiff Herman submitted to the DOC in October and November 2013, as well as a November 6, 2013 "official complaint" Plaintiff Herman wrote in letter form to John E. Wetzel, Secretary of the Department of Corrections.[4]  These documents illustrate that Plaintiff Herman made numerous complaints regarding library access, the lack of fruit or fruit juice at meals, the shower schedule, laundry collection, cell cleaning, mail collection, and property inventorying.  These documents contain only one passing allegation that grievance forms are unavailable in the SRTU, and that

---

[3] "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations of the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 n. 3 (3d Cir. 2004); see also Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).  Accordingly, the Court considers the exhibits attached to the Plaintiffs' Complaint in resolving the instant motions.

[4] Plaintiffs' exhibits are unnumbered.  As such, the Court's citations to Plaintiffs' exhibits refers to the ECF pagination.

6

there is no grievance box, and that Defendant Saylor does not come to collect grievances. (See Compl. at 18.) Plaintiff Herman reiterated all of these concerns in his letter to Secretary Wetzel. (Id. at 19-22.) Plaintiff Herman received a letter response to his letter to Secretary Wetzel on or about November 18, 2013 from Scott Miller, Staff Assistant for the Eastern Region. (Id. at 10.) Miller's letter advised Plaintiff Herman that he should direct his concerns to his Unit Team at SCI-Graterford. (Id.) The letter goes on to advise Plaintiff Herman that if he is dissatisfied with the response of the Unit Team, then he should "utilize the inmate grievance system to seek relief." (Id.)  The letter further advised that because the SRTU is a Level 4 housing unit it does not have a grievance box,[5] but that grievances are to be submitted through the "institution in-house mail boxes on the housing unit." (Id.) Thus, Plaintiffs' own evidence demonstrates that they had access to the regular grievance process by submitting grievance forms through the in-house mailboxes. Plaintiffs have submitted no evidence of what efforts they made, after November 18, 2013, to submit grievances through the in-house mailboxes. Plaintiffs are not permitted to circumvent the PLRA's exhaustion requirement by ignoring the formal grievance process available to them. Further, the fact that Defendant Saylor allegedly does not come to collect grievances is of little relevance if Plaintiffs cannot demonstrate they have submitted any grievances to the in-house mailboxes. Still further, Plaintiffs have not alleged there is any material difference between the grievance boxes available in Level 5 housing units and the in-house mailboxes available in Level 4 housing units at SRTU.

Additionally, the MHM Defendants have attached to their motion to dismiss Plaintiffs'

---

[5] Plaintiffs' Complaint relies on requirements in the Grievance Policy that all Level 5 housing units must have a "lock-box designated for inmate grievance and/or DC-135A forms," and that the "facility Grievance Coordinator…is responsible for the key and retrieval of lock box contents in all Level 5 housing units." (See Compl. ¶ 32); (see also Commonwealth Defs.' Mot. to Dismiss, Ex. A, Grievance Policy § 1(B)(14)). However, because of the SRTU is a Level 4 housing unit, it does not follow the same grievance procedure as the Level 5 units Plaintiffs seek to compare themselves to.

records subpoenaed from the Secretary's Office of Inmate Grievances and Appeals. Any grievance which has been properly exhausted must necessarily have gone through this office. These records demonstrate that Plaintiff Herman has filed an abundance of grievances covering a wide variety of complaints while housed at a number of different Pennsylvania correctional facilities. (See MHM Defs.' Mot. to Dismiss, Ex. B.) These records further demonstrate that Plaintiff Spencer has also filed an abundance of grievances covering a wide variety of complaints while housed at a number of different Pennsylvania correctional facilities. (See MHM Defs.' Mot. to Dismiss, Ex. C.) None of these grievances, however, claim that Plaintiffs were denied access to grievance forms while at SCI-Graterford, or that they actually submitted grievances to the in-house mailboxes that went unanswered.

## IV.   CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiffs' §1983 claims for failure to exhaust their administrative remedies under the PLRA. In doing so, the Court renders no judgment as to the merits of Plaintiffs' §1983 claims, or any of Plaintiffs' remaining federal and state law claims

An appropriate order follows.